UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIS RANDOLPH, | Case No. 1:19-cv-00198-JDP |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS WRIT OF HABEAS CORPUS AS SUCCESSIVE |
| v. | |
| FRESNO SUPERIOR COURT, | ECF No. 1 |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |
| | OBJECTIONS DUE IN FOURTEEN DAYS |

Petitioner Willis Randolph, a state prisoner without counsel, filed his fifth petition for a writ of habeas corpus under 28 U.S.C. § 2254 with this court. ECF No. 1. This matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Because petitioner has not obtained authorization from the U.S. Court of Appeals of the Ninth Circuit to pursue a successive petition, this court lacks jurisdiction over the case. I recommend that the court dismiss the petition for lack of jurisdiction.

**Discussion**

Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. A federal court will not consider a second or successive habeas corpus petition unless the petitioner shows that (1) his claim relies on a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable or (2) the factual

1

predicate for the claim could not have been discovered previously through the exercise of due diligence. *See* 28 U.S.C. § 2244(b)(2). A district court may not decide whether a petition meets these requirements; the petitioner must obtain the authorization from the appropriate court of appeals before filing the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). The authorization from the appropriate court of appeals is a jurisdictional requirement. *See Burton*, 549 U.S. at 157.

Here, petitioner unsuccessfully pursued his other Section 2254 petitions over the course of multiple years, from 1993 to 2016, challenging his state court conviction of first degree murder.[1] On February 12, 2019, petitioner filed the instant petition for writ of habeas corpus, seeking relief from his conviction due to his innocence, newly discovered evidence, prosecutorial and police misconduct, ineffective assistance of counsel, and an unconstitutional jury composition. ECF No. 1 at 4-9. Petitioner made these same arguments in his previous habeas petitions. Petitioner has not presented any proof of new evidence in support of his petition and has not cited to any new Supreme Court case law that supports his positions. Most importantly, petitioner has not presented authorization from the Ninth Circuit to file a successive petition under 28 U.S.C. § 2244(b)(3)(A). Therefore, this court lacks jurisdiction over this case, and I recommend dismissal for lack of jurisdiction.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds

---

[1] Petitioner's previous habeas claims were either denied or dismissed. Case number 2:93-cv-00727-GEB-JFM was dismissed for failure to exhaust state remedies; 1:93-cv-05604-LJO was denied on the merits; 1:13-cv-00543-SAB was denied as successive; and 1:16-cv-00592-AWI-JLT was denied as successive. Petitioner's appeal to the Ninth Circuit, 1:93-cv-05604-LJO, was denied on October 12, 2011.

without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, reasonable jurists would not find my conclusion debatable or conclude that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

**Order**

The clerk of court is directed to assign this case to a district judge who will review the following findings and recommendations.

**Findings and Recommendations**

I recommend that the petition be dismissed for lack of jurisdiction and that the court decline to issue a certificate of appealability. I submit the findings and recommendations to the district judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: _____November 17, 2019_____          _____
                                             UNITED STATES MAGISTRATE JUDGE

3

3. No. 206.